THEA ISAAC, Appellant, *v.* BERNARD K. MARCUS and Others, Defendants, Impleaded with BANK OF UNITED STATES and JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Respondents. (Action No. 3.)*

Judgment and order affirmed, with costs. No opinion. Present — Finch, P. J., McAvoy, Martin, O'Malley and Townley, JJ.; Finch, P. J., dissents.

FINCH, P. J. (dissenting). In my opinion the order appealed from should be reversed and the motion to dismiss the complaint denied. The action is one brought by a stockholder, on behalf of herself and such other stockholders as may care to join, against some of the defendants because of malfeasance in office while directors of the Bank of United States and against other individuals who co-operated with the defendant directors of the Bank of United States in effecting a merger in bad faith, whereby the defendant bank sustained a loss of approximately $13,000,000. The complaint was dismissed at Special Term upon the ground that plaintiff, as a stockholder, had no right to bring this action to redress her wrong. This result was reached by holding that the statute permitting the Superintendent of Banks to bring an action (Section 57 of the Banking Law)▮ should be construed as giving to him such right to the exclusion of all others. Certainly there is no such exclusive right expressed in the statute. It may with more force be argued that the statute was intended by the Legislature to add to the protection afforded to depositors and stockholders by permitting the Superintendent to bring an action for their protection if the burden of such litigation was too great for them to bear. Furthermore, to construe this statute as was done here, flies in the face of the fundamental principle that a statute, in order to abolish a common-law right, must be specific and explicit. (*Mott* v. *Reeves*, 125 Misc. 511; affd., 217 App. Div. 718; affd., 246 N. Y. 567.) Certainly the abolition of such a well-established common-law right should not be based on ambiguous inference contained in a statute. Furthermore, so to construe the statute may lead to grave scandal and abuse. The statute was never intended by those interested in the public welfare to be so construed that it might under certain circumstances be used as a shield to protect the wrongdoer. If it is desirable that only one action should ultimately be brought, this result may be achieved by a motion to consolidate all actions if and when the Superintendent brings an action. Those wronged may then have the additional protection of the counsel and advice in the prosecution and possible settlement of the action of those who have a pecuniary interest in the result to be achieved, rather than to leave the entire control of such prosecution and possible settlement in the hands of one

* Affg. 141 Misc. 354

who has no pecuniary interest in the result to be obtained while such real pecuniary interest exists in so great measure in the hands of the defendants. The judgment and order appealed from should be reversed and the motion to dismiss the complaint denied.